*12-3662-cr*
*United States v. Diggins*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand thirteen.

Present:
>   DEBRA ANN LIVINGSTON,
>   SUSAN L. CARNEY,
>       *Circuit Judges,*
>   JOHN G. KOELTL,
>       *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

>       *Appellee,*

>   v.                                                         12-3662-cr

MICHAEL DIGGINS,

>       *Defendant-Appellant.*

_____

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                                    DANIEL S. NOBLE and DIANE GUJARATI,
                                                 Assistant United States Attorneys, *for*
                                                 Preet Bharara, United States Attorney for
                                                 the Southern District of New York, New
                                                 York, NY (*on submission*).

For Defendant-Appellant:                         EDWARD D. WILFORD, New York, NY (*on
                                                 submission*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence imposed by the district court is **AFFIRMED**.

Defendant-Appellant Michael Diggins appeals from a judgment of the United States District Court for the Southern District of New York (Wood, *J.*), revoking his term of supervised release and sentencing him to two ten-month terms of incarceration, to run consecutively, after Diggins pled guilty to two violations of the conditions of his supervised release. On appeal, Diggins challenges the procedural and substantive reasonableness of the sentence. Specifically, Diggins argues that his sentence was unreasonable because the district court failed to analyze the factors listed in 18 U.S.C. § 3553(a), and that it was unduly punitive. Diggins also claims that the sentence runs afoul of the Eighth Amendment's prohibition on cruel and unusual punishments. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

2

*I. Reasonableness*

We review sentences for violations of supervised release for reasonableness. *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors[.]" *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks, citations, and alteration omitted). The standard of review for both inquiries is abuse of discretion. *Id.* Further, because Diggins failed to object to the procedural reasonableness of the sentence below, that challenge is subject only to plain error analysis. *See Villafuerte*, 502 F.3d at 207.

When imposing a sentence for a violation of supervised release, a district court is required to consider the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), including the nature and circumstances of the offense, the history and characteristics of the defendant, the

applicable sentencing range, and the need for the sentence imposed. *See* 18 U.S.C. §§ 3553(a); 3583(e)(3). In reviewing a court's compliance with this procedural requirement, we "take a deferential approach and refrain from imposing any rigorous requirement of specific articulation by the sentencing judge." *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005). Therefore, absent evidence to the contrary, we will not assume that the court failed to take into account the relevant statutory considerations simply because the sentencing judge did not explicitly cite § 3553(a) or list each of its factors. *See Verkhoglyad*, 516 F.3d at 129 (citing *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006)).

The transcript of Diggins's sentencing shows that the court was well aware of the nature of Diggins's violations, Diggins's history in the criminal justice system, the applicable sentencing range, and the need for the sentence imposed. During Diggins's allocution, held immediately prior to sentencing, the court described the nature of Diggins's violations and, during sentencing, referred to Diggins's violations as "very serious." Diggins, Diggins's counsel, and the government presented the court with details of Diggins's time on supervised release and his circumstances at home, and Diggins's counsel admitted that the court was "quite familiar" with Diggins's history. In addition, the court explicitly based its sentence

4

on the "very long time" Diggins had spent in the criminal justice system. Further, both Diggins's counsel and the government referenced the applicable sentencing range to the court, and the court explicitly referred to the history and characteristics of the defendant and the need to afford adequate deterrence in sentencing Diggins. Thus, the record refutes Diggins's claim that the court failed to consider properly the relevant § 3553(a) factors. We cannot conclude that the district court erred, much less plainly erred, in its consideration of these factors.

"In reviewing for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" *United States v. Mason*, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citations omitted). Diggins's sentence does not present such a case. *See United States v. Lifshitz*, 714 F.3d 146, 150 (2d Cir. 2013) (per curiam) (affirming two-year sentence following defendant's multiple violations of supervised release); *Fleming*, 397 F.3d at 100 (same). The court considered the relevant § 3553(a) factors in sentencing Diggins — including his repeated violations of the conditions of his release — which supported the sentence imposed. The district court noted that Diggins had proven himself "not to be amenable to supervised release," given his history of serious

5

violations, and without the "right punishment," Diggins was unlikely to appreciate the gravity of his failure to "start over."  Indeed, despite receiving a below-Guidelines sentence for his first violation of supervised release — assaulting his child's mother in the presence of their child — Diggins continued flagrantly to violate the conditions of his release.  As such, we have little difficulty concluding that Diggins's Guidelines sentence does not "shock[] the conscience" so as to be deemed substantively unreasonable.  *See United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (internal quotation marks omitted); *see also* 18 U.S.C. § 3584 (granting district courts discretion to impose consecutive sentences).

**II. Eighth Amendment**

We review *de novo* whether a sentence violates the Eighth Amendment.  *See United States v. Varrone*, 554 F.3d 327, 331 (2d Cir. 2009).  "The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime[.]" *United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003) (internal quotation marks omitted). "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."  *Ewing v. California*, 538 U.S. 11, 21 (2003) (internal quotation marks omitted).  In weighing an Eighth Amendment challenge to a term of imprisonment, we must first "compar[e]

6

the gravity of the offense and the severity of the sentence." *Graham v. Florida*, 560 U.S. 48, 60 (2010). In the "rare case in which this threshold comparison leads to an inference of gross disproportionality," we must then "compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.* (internal quotations marks, citation, and alterations omitted).

Diggins "submits" without argument that his is a sentence warranting "full review." That is not the case. Diggins's sentence falls below the statutory maximum and within the policy statement range issued by the United States Sentencing Commission. *See United States v. Caracappa*, 614 F.3d 30, 44 (2d Cir. 2010) ("[I]n a noncapital case, it is exceedingly rare to uphold a claim that a sentence *within the statutory limits* is disproportionately severe." (internal quotation marks omitted)). Moreover, Diggins points to no rationale supporting a finding that his sentence is "grossly disproportionate" to the gravity of his infractions. Thus, for much the same reasons we rejected his reasonableness challenge, we deem Diggins's sentence to be constitutionally sound.

*III. Conclusion*

We have considered Diggins's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk