United States v. Lifshitz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Submitted: May 17, 2012          Decided: April 23, 2013)

Docket No. 11-2078-cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

BRANDON MICHAEL LIFSHITZ,

*Defendant-Appellant*.

_____

Before: KEARSE, POOLER, and LIVINGSTON, *Circuit Judges*.

Appeal from the amended May 18, 2011 judgment of the United States District Court for

the Southern District of New York (Loretta Preska, *C.J.*) sentencing Brandon Michael Lifshitz to

a term of 24 months' imprisonment and 12 months' supervised release after revoking his

supervised release for failure to comply with the terms set forth by the district court as conditions

for his release. Lifshitz argues the district court committed error in his sentencing by

impermissibly basing the length of his sentence on his rehabilitative needs. We agree that when

sentencing a defendant after revoking a term of supervised release, a district court may not

sentence based on the defendant's need for rehabilitation. *See Tapia v. United States*, 131 S. Ct.

2382,  2391-92 (2011) (holding 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing

or lengthening a prison term to promote an offender's rehabilitation"). However, as the record makes clear that the district court did not sentence Lifshitz to further his rehabilitation, we affirm.

Affirmed.

---

DAVID A. LEWIS, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant.*

TIMOTHY T. HOWARD, Assistant United States Attorney, Southern District of New York (Preet Bharara, United States Attorney, Jesse M. Furman, Assistant United States Attorney, *on the brief*) New York, NY, *for Appellee.*

PER CURIAM:

Brandon Michael Lifshitz appeals from the amended May 18, 2011 judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*) revoking his supervised release and sentencing him to a term of 24 months' imprisonment and 12 months' supervised release. Lifshitz argues the district court committed error in his sentencing by impermissibly basing the length of his sentence on his rehabilitative needs. We agree that when sentencing a defendant after revoking a term of supervised release, a district court may not sentence based on the defendant's need for rehabilitation. *See Tapia v. United States*, 131 S. Ct. 2382, 2391-92 (2011) (holding 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation"). However, as the record makes clear that the district court did not sentence Lifshitz to further his rehabilitation, we affirm.

2

**BACKGROUND**

Lifshitz pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and was sentenced principally to three years' probation on April 7, 2003. Prior to the imposition of that sentence, Lifshitz was arrested and indicted for a separate crime, one count of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) on the basis of new conduct.[1] Lifshitz pleaded guilty to the second indictment on September 14, 2004. He was sentenced on January 18, 2005, principally to 60 months' imprisonment, to be followed by five years' supervised release. The conditions attached to his supervised release included participation in a sex offender and/or mental health treatment program, abiding by the rules of the sex offender treatment program, and consenting to the use of monitoring programs on his computer.

Lifshitz was released from custody in August 2007 and began serving his term of supervised release. Lifshitz failed to comply with the terms of his supervised release. He missed multiple scheduled appointments at the sexual offender treatment program, he maintained a Facebook account even though such an account violated the terms of his treatment contract, and he failed to deactivate the account when ordered to do so. His treatment provider alerted the Probation Office that Lifshitz reported "communicating in a sexual manner with five minors via CB radio and a phone sex line." He repeatedly used unmonitored computers, including computers at libraries and cafes, to access the Internet. He regularly visited a public library located next to a preschool, even after being warned not to.

---

[1] Lifshitz remained in custody following his arrest on April 23, 2003.

3

On March 25, 2011, the Probation Office filed a violation petition against Lifshitz, alleging four violations of his supervised release. Each alleged violation was a Grade C violation. U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 7B1.4. The applicable range under the sentencing guidelines was three to nine months' imprisonment, with a statutory maximum of not more than three years' imprisonment. *Id.*; 18 U.S.C. § 3583(e)(3). The Probation Office recommended a non-Guidelines sentence of 24 months' imprisonment, followed by 12 months' supervised release, on the grounds that Lifshitz's failure to comply with the terms of his supervised release indicated he was "not amenable to a community supervision term at this time," and that he posed "a threat to the community."

On April 15, 2011, Lifshitz pleaded guilty to Specifications One (failure to abide by the rules and requirements of the sex offender treatment program) and Three (unsupervised Internet use) in the petition. His counsel argued for a within-Guidelines sentence, arguing that Lifshitz's behavior was not really "the product of his will" because Lifshitz was mentally ill. Counsel told the district court at sentencing, "[w]e understand that his behavior during this past most recent phase of his supervision has really been atrocious, but it's not completely the product of his will, and that's why I view [this] as a sad case." Counsel also argued Lifshitz did not present a danger to the community because Lifshitz had never harmed a child, and that "as crazy as he is and as irresponsible as he has behaved, if he has that impulse -- and it is not clear that he does -- that is something that he has always been able to control."

The district court noted that Chapter 7 of the Sentencing Guidelines, which apply when sentencing an offender for violations of supervised release, "are, and always have been, advisory." The district court continued:

4

> In thinking about this sentence, the most important factors do seem to be promoting respect for the law and protecting the public from further crimes of this defendant. It also appears, although to a lesser extent, important to be sure that Mr. Lifshitz continues to get the type of medical care he is obviously in need of.
> Taking those factors into account, counsel, it is my intention to impose a period of two years incarceration, followed by a period of one year of supervised release. It's my intention to impose the special conditions that are in effect, that is, a substance abuse program, sex offense-specific treatment and/or mental health treatment, no deliberate contact with children under 17, etc., submission to a search, and not using a computer, etc.

It concluded:

> Mr. Lifshitz has had many opportunities and has received many warnings. His continued disregard of the reasonable terms and conditions of supervised release convince the Court that in order to promote respect for the law and to protect the public from other crimes of this defendant, a lengthy period of incarceration is required.
>
> Mr. Lifshitz does not seem able, for whatever reason, to comply with the terms and conditions of supervised release.
>
> Accordingly, sir, you are sentenced to a period of two years imprisonment followed by a period of one year of supervised release.

This appeal followed.

### DISCUSSION

We consider the reasonableness of the sentence under an abuse of discretion standard, regardless of whether the sentence was inside or outside the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). This reasonableness inquiry comprises two components, procedural and substantive review. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). As to procedure, "[a] district court commits procedural error where it fails to calculate the Guidelines range . . ., makes a mistake in its Guidelines calculation, or treats the Guidelines as

5

mandatory." *Id.* at 190 (citations omitted). As to substantive error, an appellate court should "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks, citation and emphasis omitted). In reviewing for substantive error, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190 (citation omitted).

After Lifshitz was sentenced in April 2011, but before this appeal was heard in May 2012, the Supreme Court handed down its decision in *Tapia v. United States*, 131 S. Ct. 2382 (2011). In *Tapia*, the Supreme Court held that district courts "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Id.* at 2393 (emphasis omitted). Thus, "when sentencing an offender to prison, the court shall consider all the purposes of punishment except rehabilitation—because imprisonment is not an appropriate means of pursuing that goal." *Id.* at 2389. In *Tapia*, the district court had "selected the length of the sentence to ensure that Tapia could complete the 500 Hour Drug Program." *Id.* at 2392-93.

Lifshitz argues that the district court committed procedural error at his sentencing by imposing a two-year prison sentence for the purpose of Lifshitz receiving medical treatment for his mental illness. While Lifshitz did not object to his sentence on the ground that it was procedurally unreasonable, "as long as the error was plain as of . . . the time of appellate review— the error is 'plain' within the meaning of" Federal Rule of Criminal Procedure 52(b), and we may consider the error "even though it was not brought to the [trial] court's attention."

6

*Henderson v. United States*, 133 S. Ct. 1121, 1124-25 (2013) (internal quotation marks and citation omitted).

We join our sister Circuits in finding *Tapia* applies upon revocation of supervised release, as well as at the time of initial sentencing. *See United States v. Garza*, 706 F.3d 655, 657 (5th Cir. 2013); *United States v. Bennett*, 698 F.3d 194, 197 (4th Cir. 2012); *United States v. Mendiola*, 696 F.3d 1033, 1041-42 (10th Cir. 2012); *United States v. Taylor*, 679 F.3d 1005, 1006-07 (8th Cir. 2012); *United States v. Molignaro*, 649 F.3d 1, 4-5 (1st Cir. 2011). The rationale underlying *Tapia*'s holding plainly applies here. If imprisonment is "not an appropriate means" of achieving rehabilitation when the court is initially sentencing a defendant, logic requires extending such reasoning to sentencing on revocation of supervised release.

However, upon examination of the record we find no procedural error in the district court's sentencing of Lifshitz. "[N]otwithstanding discussion of rehabilitation in the record, there [is] no error where the sentence length [is] based on permissible considerations, such as criminal history, deterrence, and public protection." *United States v. Gilliard*, 671 F.3d 255, 259 (2d Cir. 2012). As the Supreme Court stated in *Tapia*, "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a court properly may address a person who is about to begin a prison term about these important matters." 131 S. Ct. at 2392. The sentencing colloquy demonstrates that the district court's primary considerations in sentencing Lifshitz were "promoting respect for the law and protecting the public from further crimes of this defendant." While the district court also considered Lifshitz's need for medical care, there is no indication in the record that the district court based the length of Lifshitz's sentence on his need for treatment. The district court

7

made clear that it based sentencing on Lifshitz's "continued disregard of the reasonable terms and conditions of supervised release," which necessitated "a lengthy period of incarceration" "to promote respect for the law and to protect the public from other crimes of this defendant.

Lifshitz also argues that the district court committed substantive error in his sentencing because an above-Guidelines sentence was not necessary to either protect the public or promote respect for the law. Lifshitz's arguments are unavailing given his repeated failures to comply with the terms of his supervised release. While not unsympathetic to the difficulties that may be posed by mental illness, given Lifshitz's patterns of noncompliance with the conditions imposed for his original sentence of supervised release, it cannot be said that the district court's sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks and citation omitted).

For the reasons given above, we affirm.