12-3094-cr
United States v. Roper

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand thirteen.

PRESENT:  REENA RAGGI,
         CHRISTOPHER F. DRONEY,
                  *Circuit Judges*,
         JOHN F. KEENAN,
                  *District Judge*.*

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                  *Appellee*,

         v.

                                                    No. 12-3094-cr

ANDRE ROPER,
                  *Defendant-Appellant*.
-----------------------------------------------------------------------

FOR APPELLANT:                    Wayne R. Young, Esq., Norwich, Vermont.

FOR APPELLEE:                     Peter A. Norling, Daniel A. Spector, Assistant United States Attorneys, *for* Loretta E. Lynch,

---

\* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

1

United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 31, 2012, is REMANDED.

Andre Roper pleaded guilty in 2006 to bank fraud and sentenced to five years' imprisonment and three years' supervised release. He now appeals from a judgment sentencing him to a term of 12 months' imprisonment and three years' supervision for violating supervised release by committing another crime within seven months of release, specifically, credit card fraud. Roper argues that the district court impermissibly based the length of his sentence on his rehabilitative needs in violation of 18 U.S.C. § 3582(a), as recently construed in Tapia v. United States, 131 S. Ct. 2382, 2391 (2011) (precluding sentencing courts from imposing or lengthening prison term to promote offender's rehabilitation). See United States v. Lifshitz, 714 F.3d 146, 150 (2d Cir. 2013) (per curiam) (recognizing Tapia to apply to revocation of supervised release). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to remand.

1.    Waiver

The government submits that Roper waived any § 3582 challenge to his sentence in

the district court by asking the court to consider his rehabilitation in imposing his sentence. See United States v. Quinones, 511 F.3d 289, 321 (2d Cir. 2007) (identifying true waiver where defendant not only failed to object, but actively solicited error of which he complains on appeal in order to obtain perceived sentencing benefit). The question is a close one.

To be sure, the colloquy between defense counsel and the court at sentencing could be read to signal both recognition that Roper would benefit from a prison program for dialectical behavioral therapy and acquiescence in a 12-month sentence, the minimum term of participation. See Sentencing Tr. 13:21–14:1, App. 123–24 ("If your Honor is of the mind to sentence him to 12 months with a recommendation of another program, I have nothing further to say. I think that, in all candor, having read the report and having dealt with Mr. Roper for some time now, I think it would be an appropriate resolution."). At the same time, the record indicates that Roper himself objected to any incarceratory term, urging the court simply to continue him on supervision with non-custodial treatment. See, e.g., Sentencing Tr. 5, 17, App. 115, 126. In these circumstances, we cannot confidently identify true waiver precluding review.[1] Instead, we identify forfeiture, which affords review only upon a showing of plain error. See United States v. Marcus, 130 S. Ct. 2159,

---

[1] Insofar as the Government relies on the same arguments to urge judicial estoppel, no different conclusion is warranted. See United States v. Quinones, 511 F.3d at 321 n.22 (observing that judicial estoppel generally "does not apply on direct appeal" because "[t]raditional appellate review doctrines of forfeiture, waiver, and plain error are generally adequate" to address party's change in positions between trial and appellate courts).

2164 (2010) (stating plain error exists where (1) there is error that (2) is clear or obvious, (3) affects substantial rights, and (4) seriously affects fairness, integrity, or public reputation of judicial proceedings).

2.    Plain Error

At the first two steps of analysis, the identification of clear error, Tapia v. United States controls our review.  While the record plainly indicates that the district court's selection of a 12-month sentence was informed by its awareness that no lesser term would permit Roper to participate in the recommended treatment program, the record also reports that the district court thought such a sentence appropriate for punishment.   See Sentencing Tr. 18:15–18:19, App. 128 ("So I think the sentence is appropriate for purposes not just of rehabilitation and medical assistance to the defendant . . . but also for punishment.   The defendant does not want to accept that punishment is appropriate but I think that it is."). What is not clear, then, is whether the district court would have thought a 12-month sentence was an appropriate punishment without regard to Roper's participation in a prison program for rehabilitation.

Even if this question were to be resolved in Roper's favor, it is far from clear that the challenged sentence affected his substantial rights or the fairness, integrity, or public reputation of judicial proceedings.   Notably, the record does not indicate whether the 12-month sentence was greater or lesser than the one the district court might otherwise have imposed but for its consideration of possible rehabilitation through the recommended

4

prison program.   See generally United States v. Thomas, 274 F.3d 655 (2d Cir. 2011) (en banc) (recognizing possibility that sentencing error increased prison term to satisfy adverse effects requirement of plain error).   The Government suggests that Roper's completion of his prison sentence makes pursuit of this question unnecessary.   At the same time, however, it acknowledges that any error could affect the start and end dates of Roper's term of supervision.

In these circumstances, and mindful that "the plain error doctrine should not be applied stringently in the sentencing context, where the cost of correcting an unpreserved error is not as great as in the trial context," United States v. Wernick, 691 F.3d 108, 113 (2d Cir. 2012) (internal quotation marks omitted), we remand the case for the district court to answer two questions determinative of plain error.   First, did it "impose or lengthen" Roper's sentence "to ensure that []he receive[d] certain rehabilitative services"?   See United States v. Tapia, 131 S. Ct. at 2393.   Second, if so, was the sentence imposed longer than the court would have imposed under 18 U.S.C. § 3553(a), without regard to rehabilitation?   Only if the answer to the first question is "yes" would Roper satisfy the first two requirements of plain error; only if the answer to the second question is "yes" would Roper satisfy the final two requirements.   Thus, if the district court answers either question "no," the challenged sentence is affirmed.   If, however, the district court answers both questions "yes," it is directed to vacate sentence and to resentence Roper consistent with Tapia and this order.   See generally United States v. Crosby, 397 F.3d 103 (2d Cir.

5

2005); <u>Sapia v. United States</u>, 433 F.3d 212, 219 (2d Cir. 2005) (observing that a <u>Crosby</u>-style remand may be appropriate where record leaves no indication one way or another about effect on sentence).

The case is REMANDED for resentencing consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court