13-2749-cr
United States v. Harry

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of May, two thousand fourteen.

Present:    JOHN M. WALKER, JR.,
            ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
                    *Circuit Judges.*

—————————————————————————————————

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                                             13-2749-cr

ANTHONY HARRY,

                    *Defendant-Appellant*.

—————————————————————————————————

Appearing for Appellant:    Arza Feldman, Feldman and Feldman, Uniondale, N.Y.

Appearing for Appellee:     Adam J. Fee, Assistant United States Attorney for the Southern
                            District of New York (Preet Bharara, United States Attorney,
                            Michael A. Levy, Assistant United States Attorney, *on the brief*)
                            New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Anthony Harry appeals from the July 11, 2013 judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*) revoking his term of supervised release and sentencing him to a term of six months' imprisonment to be followed by 30 months' supervised release.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review  the reasonableness of the sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).  The reasonableness inquiry comprises two parts: procedural and substantive review. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). "A district court commits procedural error where it fails to calculate the Guidelines range . . ., makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190 (citations omitted). A district court's substantive determination is set aside "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks, citation, and emphasis omitted). In reviewing for substantive error, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id*. at 190 (citation omitted).

 Harry argues that the district court erred by basing the length of his sentence on his need for mental health treatment in violation of 18 U.S.C. § 3582(a) as construed in *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011) (precluding sentencing courts from imposing or lengthening prison term to promote offender's rehabilitation).  *Tapia* applies when a court sentences a defendant after revoking a term of supervised release.  *United States v. Lifshitz*, 714 F.3d 146, 150 (2d Cir. 2013).  There is no question that while the district court was aware of, and sensitive to, Harry's mental health issues, it imposed its penal sentence based on Harry's repeat pattern of violating the terms of his supervised release, not to ensure that he was receiving mental health treatment.  There is no *Tapia* violation.  *See United States v. Gilliard*, 671 F.3d 255, 259 (2d Cir. 2012) (district courts may "discuss the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs" and make recommendations to the Bureau of Prisons concerning rehabilitation without running afoul of *Tapia*). It is also plain from the sentencing colloquy  that the need to have Harry participate in a mental health treatment program fully informed the district court's supervised release sentence.   However, as *Tapia* recognized, a district court is free to consider rehabilitation goals in imposing non-penal sentences such as terms of supervised release. 131 S. Ct. at 2390 (Sentencing Reform Act "instructs courts, in deciding whether to impose probation or supervised release, to consider whether an offender could benefit from training and treatment programs.").  Again, we find no error.

We have examined the remainder of Harry's arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
