14-1106-cr
United States v. Celelli

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fifteen.

PRESENT: ROBERT D. SACK,
　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　　　*Circuit Judges*,
　　　　　TIMOTHY C. STANCEU,
　　　　　　　　　　　　*Judge.*[*]
------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　　　　*Appellee,*

　　　　　　　　v.　　　　　　　　　　　　　　　　　No. 14-1106-cr

DANIEL CELELLI, AKA Little Man, AKA Little Dan,

　　　　　　　　*Defendant-Appellant*,
------------------------------------------------------------------

APPEARING FOR APPELLANT:　　　JAY S. OVSIOVITCH (Robert Gary Smith, *of counsel*), Federal Public Defender's Office, Western District of New York, Rochester, New York

APPEARING FOR APPELLEE:　　　JOSEPH J. KARASZEWSKI, Assistant United States Attorney (William J. Hochul, Jr., United States Attorney, *on the brief*), United States Attorney's

---

[*] Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

1

Office for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Daniel Celelli appeals from the district court's imposition of a sentence of 14 months' imprisonment to be followed by one year of supervised release after he pleaded guilty to violating the conditions of his supervised release by possessing controlled substances and using cocaine on two occasions. Celelli argues that the district judge improperly considered the rehabilitative effects that imprisonment might have on him in violation of 18 U.S.C. § 3582(a) and *Tapia v. United States*, — U.S. —, 131 S. Ct. 2382 (2011). Celelli also challenges the reasonableness of the district court's imposition of a term of supervised release. We assume the parties' familiarity with the underlying facts, to which we refer only as necessary to explain our decision.

1. Imprisonment

In *Tapia*, the Supreme Court held that 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia*, 131 S. Ct. at 2391. This Court has held that *Tapia* applies upon revocation of supervised release. *See United States v. Lifshitz,* 714 F.3d 146, 150 (2d Cir. 2013) (per curiam). However, "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Tapia*, 131 S. Ct. at 2392; *see also United States v. Gilliard,* 671 F.3d 255, 259 (2d Cir. 2012).

Upon examination of the record, we find no error in the district court's sentence of imprisonment here. "'[N]otwithstanding discussion of rehabilitation in the record, there [is] no error where the sentence length [is] based on permissible considerations, such as criminal history, deterrence, and public protection.'" *Lifshitz*, 714 F.3d at 150 (alterations in original) (quoting *Gilliard,* 671 F.3d at 259). The record reflects that the district court appropriately considered the sentencing factors described in 18 U.S.C. § 3553(a), including the seriousness of Celelli's violations of supervised release; Celelli's criminal history, including his conviction for conspiracy to possess with intent to distribute cocaine, for which he was serving the sentence of supervised release; and his personal circumstances, including his age, health, family circumstances, and drug addiction. The district court made clear that it based its sentence on Celelli's substantial violations of the terms of his supervised release, pointing to the need for the sentence to reflect the seriousness of his offenses and deter him from future crimes. *See Lifshitz*, 714 F.3d at 150. While the district court discussed Celelli's drug addiction, there is no indication in the record that the district court based the length of Celelli's sentence on his need for treatment. Rather, the district court merely encouraged Celelli to "get the help [he] need[s]" while incarcerated. J.A. 64; *see Tapia*, 131 S. Ct. at 2392 ("[A] court properly may address a person who is about to begin a prison term about these important matters."). Because the district

2

court, "did no more than what was deemed permissible in *Tapia*," *Gilliard,* 671 F.3d at 260, we find no error in its imposition of a sentence of 14 months' imprisonment here.

   2.   Supervised Release

Celelli also contends that the district court erred in failing to set forth reasoning, sufficient to permit appellate review, for the imposition of an additional, one-year term of supervised release. We disagree. After inviting argument from the parties, the district court agreed in principle with the Government's argument that supervision by Probation would "help [Celelli] stay clean for when he's released." J.A. 65. Further, the district court reasoned that services available during supervised release would assist in keeping Celelli "on th[e] straight and narrow." J.A. 66.[1] These were appropriate considerations. *See, e.g., United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends . . . ."). Accordingly, we find no error in the district court's sentence imposing supervised release.

We have considered Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.


                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Celelli also claims that the imposition of a term of supervised release was unreasonable because – in discussing the sentence – the district court described its familiarity with a re-entry program that Celelli would not, in fact, be eligible for. It is clear from the record, however, that the court was merely giving an example of the type of services that might help Celelli after he is released. There is no indication that the imposition of a term of supervised release was based on Celelli's participation in this program, and the district court even acknowledged that Celelli would most likely be ineligible for that particular program given the short length of his sentence.

3