14-4437-cr
*United States v. Campbell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                      No. 14-4437-cr

MAURICE CAMPBELL,

> *Defendant-Appellant.*

---

| For Appellee: | Monica J. Richards and Joseph J. Karaszewski, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y. |
|---|---|
| For Defendant-Appellant: | Robert G. Smith and Jay S. Ovsiovitch, Federal Public Defender's Office, Western District of New York, Rochester, N.Y. |

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Maurice Campbell appeals his sentence of 11 months' imprisonment and two years' supervised release imposed for violating the conditions of his supervised release. Campbell challenges only the substantive reasonableness of his sentence on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The standard of review on the appeal of a sentence for violation of supervised release is . . . the same standard as for sentencing generally . . . ." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). We review a district court's sentence for reasonableness "under a 'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *Id*. Substantive review examines the length of the sentence imposed. *United States v. Bonilla*, 618 F.3d 102, 108–09 (2d Cir. 2010). We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Lifshitz*, 714 F.3d 146, 149 (2d Cir. 2013) (per curiam) (quoting *Cavera*, 550 F.3d at 189). A sentence falls outside the range of permissible decisions when, "although procedurally correct, [affirming] would nonetheless damage the administration of

justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Campbell has failed to show that his sentence, which was within the applicable Guidelines range, "cannot be located within the range of permissible decisions." *Lifshitz*, 714 F.3d at 149. Although Campbell contends that less severe alternatives to imprisonment, such as continued home monitoring or placement in a residential alcohol treatment facility, would have served the purposes of sentencing, Campbell had pleaded guilty to violating the conditions of his home monitoring and to being discharged from an alcohol treatment program for consuming alcohol. Campbell's sentence was not "shockingly high . . . or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123.

We have considered Campbell's remaining arguments and find them to be without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3