15-505-cr
*United States v. Milligan*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand sixteen.

PRESENT:
PETER W. HALL,
SUSAN L. CARNEY,
   *Circuit Judges,*
BRIAN M. COGAN,
   *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

   *Appellee,*

  v.             No. 15-505-cr

MAURICE L. MILLIGAN,

   *Defendant-Appellant.*

_____

| | |
|---|---|
| For Appellee: | John H. Durham and Michael J. Gustafson, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT. |
| For Defendant-Appellant: | Robert J. Boyle, New York, NY. |

_____

[*] The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Maurice L. Milligan appeals his sentence of 90 months' imprisonment for one count of possession of a firearm transported in interstate commerce by a person previously convicted of a felony, 18 U.S.C. §§ 922(g), 924(a)(2). We assume the parties' familiarity with the underlying facts and the procedural history of this case.

On appeal Milligan challenges only the substantive reasonableness of his sentence. He contends that the district court placed undue weight on his involvement in an April 22, 2013 dispute at a convenience store in New London, Connecticut, which culminated in gunfire and resulted in Milligan being convicted of attempted assault in state court.

We review a district court's sentence for reasonableness "under a 'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *Id.*

Substantive review examines the length of the sentence imposed. *United States v. Bonilla*, 618 F.3d 102, 108–09 (2d Cir. 2010). We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Lifshitz*, 714 F.3d 146, 149 (2d Cir. 2013) (per curiam) (quoting *Cavera*, 550 F.3d at 189). A sentence falls outside the range of permissible decisions when, "although procedurally correct, [affirming] would nonetheless damage the administration of justice because the sentence imposed was shockingly high,

shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

"The particular weight to be afforded aggravating and mitigating factors 'is a matter firmly committed to the discretion of the sentencing judge,' with appellate courts seeking to ensure only that a factor 'can bear the weight assigned it under the totality of circumstances in the case.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal citations omitted). "In making that determination, we are mindful that 'facts may frequently point in different directions so that even experienced district judges may reasonably differ, not only in their findings of fact, but in the relative weight they accord competing circumstances.'" *Id.* (quoting *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008)).

Milligan has failed to show that his sentence "cannot be located within the range of permissible decisions." *Lifshitz*, 714 F.3d at 149. Milligan contends that his involvement in the April 22, 2013 incident at the convenience store cannot bear the weight assigned to it because the district court relied almost exclusively on this uncharged incident and failed to consider Milligan's many positive achievements (*e.g.*, work history, community involvement, and familial support). Milligan's involvement in the incident at the convenience store, however, was one of many factors that the district court considered in imposing the sentence—a sentence that was at the lower end of the uncontested Guidelines range. Milligan has not established that the "sentence imposed was shockingly high . . . or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123.

We have considered all of Milligan's arguments and conclude that they are without merit.

We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
