16-301-cr
United States v. Emmanuel

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
    REENA RAGGI,
    CHRISTOPHER F. DRONEY,
     *Circuit Judges*.

---

UNITED STATES OF AMERICA,

      *Appellee*,

   v.           No. 16-301-cr

VIRDIE EMMANUEL,

     *Defendant-Appellant*.

---

FOR APPELLANT:     Darrell B. Fields, Federal Defenders of New York, Inc., New York, New York.

FOR APPELLEE:     Lisa P. Korologos and Brian R. Blais, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 28, 2016 is AFFIRMED in part, VACATED in part, and REMANDED.

Defendant Virdie Emmanuel was convicted in October 2010, following a guilty plea, of wire fraud and interstate transportation of stolen property, *see* 18 U.S.C. §§ 1343, 2314, in connection with her embezzlement of more than $1.3 million from her employer over approximately eight years. Believing Emmanuel to have provided substantial assistance in an unrelated case, the government moved pursuant to U.S.S.G. § 5K1.1 for her to receive a departure from her 51-to-63-month Guidelines prison range. The district court granted the motion, sentencing Emmanuel to time served (which equated to a few hours), but ordering restitution and consecutive terms of three years' supervision on both counts of conviction.

Unbeknownst to the government or the district court, at the time of sentencing, Emmanuel was embezzling from another employer, having already stolen approximately $6,000, and taking another $140,000 over the next eight months. In 2014, New York State arrested Emmanuel for this conduct, and she was ultimately convicted of second degree grand larceny. That same year, Emmanuel was charged with violating her federal supervised release, not only by engaging in new criminal conduct but also by failing truthfully to report her employment to federal probation authorities and to make good faith efforts to pay restitution. Following Emmanuel's guilty plea, the district court aptly characterized her conduct as "brazen, willful, and deceitful," App'x 79, and sentenced her to the maximum available jail sentence of two years, to be followed by one

2

year of supervision, which would then be followed by the consecutive three-year term of supervision that Emmanuel had not yet begun to serve. On this appeal, Emmanuel challenges the substantive reasonableness of a 24-month prison term and the district court's reiteration of consecutive supervision terms. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part, vacate in part, and remand.

1.    Substantive Reasonableness

Emmanuel's substantive reasonableness challenge is plainly meritless. We accord the district court "considerable deference" on such challenges, *United States v. Mazza-Alaluf*, 621 F.3d 205, 214 (2d Cir. 2010), and will identify error "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted); *see United States v. Lifshitz*, 714 F.3d 146, 150 (2d Cir. 2013) (applying standard in context of violation of supervised release). This is not such an exceptional case.

Where a defendant violates supervised release after receiving 5K1.1 consideration, both the Guidelines and precedent recognize that a heightened sentence may be reasonable. *See* U.S.S.G § 7B1.4 cmt. n.4 ("Where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), . . . an upward departure may be warranted."); *see also United States v. Verkhoglyad*, 516 F.3d 122, 129–30 (2d Cir. 2008) (citing, on violation of probation, § 7B1.4 application note, and observing that higher incarceratory sentence may be warranted where defendant's

3

violation followed "significant sentencing consideration for . . . cooperation"). That conclusion is particularly warranted here, where Judge Duffy specifically told Emmanuel at her original sentencing that he was erring on the side of leniency in imposing only time served, but would impose the maximum authorized prison term if Emmanuel committed "another federal, state, or local crime." App'x 32–33. As Emmanuel knew, however, she was then doing just that, embezzling thousands of dollars from a new employer, a crime that she would continue to commit for eight more months. This evidences such a complete betrayal of the court's trust as to support a two-year sentence. *See United States v. Verkhoglyad*, 516 F.3d at 130 (concluding that incarceratory sentence above Guidelines policy statement warranted based on defendant's willingness "repeatedly [to] betray[] the trust reflected" in court's prior "lenient sentences"). That conclusion is only reinforced by the fact that Emmanuel was also lying to probation officials in representing that she was unemployed, a lie that, in addition to betraying the court's trust, allowed Emmanuel to conceal the criminal activity accompanying her employment and to avoid good faith efforts at restitution.

In these circumstances, even though Emmanuel presented evidence of declining health, which the district court acknowledged, we cannot conclude that a two-year sentence was outside the range of choices available so as to be substantively unreasonable. *See United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008) (describing "broad range" of substantively reasonable sentences).

4

2.      Consecutive Imprisonment Term

Emmanuel argues that the district court effectively reimposed unauthorized, consecutive supervision terms, and that the maximum total supervised release sentence available was one year.   The government concedes error insofar as the district court originally imposed consecutive three-year supervision terms given the statutory requirement for such terms to run concurrently.   *See* 18 U.S.C. § 3624(e).   The government nonetheless argues that Emmanuel may not here challenge her second three-year supervision term, which (1) she did not appeal, (2) she has not yet begun serving, and (3) the 2016 judgment did not alter.

We agree that Emmanuel may not collaterally attack her second three-year supervision term in this supervised-release proceeding, which found her to have violated only her first term.[1]   *See United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003) (holding that "validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding").   Nevertheless, to the extent that the district court imposed a one-year sentence of supervised release on the violation of conviction while a consecutive three-year term remained in effect, we identify error.

Title 18 U.S.C. § 3624(e) required the district court to run that one-year sentence concurrently with the other outstanding supervised-release sentence.   The government's argument that the district court imposed the further one-year supervision term only for violation of the initial three-year term makes no difference.   Whether it was the initial

---

[1] Judge Castel initially described the second consecutive term of supervised release as "reimpose[d]," App'x 81, but he subsequently clarified that he had "le[ft] undisturbed" the second term, App'x 85.

5

term that ran consecutively to the second or vice versa, the district court's January 2016 judgment required consecutive service of terms of supervised release in violation of § 3624(e), and a total supervision term of four years, in violation of the three-year maximum supervisory term for Class C felonies in § 3583(b)(2).

Accordingly, we vacate the district court's judgment to the extent it required that the newly imposed one-year supervision term for the violations of supervision would run consecutively to the outstanding second three-year term, and we remand for entry of a modified judgment providing for such terms to run concurrently.[2]

3.    Conclusion

We have considered the parties' remaining arguments and conclude that they are without merit.    Accordingly, the district court's judgment is AFFIRMED in all respects except insofar as the one-year supervision term imposed on the violations of convictions runs consecutively to an outstanding earlier three-year supervision term.    The judgment is VACATED to that limited extent, with directions that the district court run the one-year term concurrently, and without prejudice to further proceedings not inconsistent with this order.    Emmanuel's *pro se* motion for bail pending appeal is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] On remand, the district court may well terminate or otherwise modify Emmanuel's second (three-year) term of supervision by other means—such as in response to a habeas petition or an application pursuant to 18 U.S.C. § 3583(e)—to ensure that she serves no more than the additional one-year term contemplated by § 3583(h).    Indeed, the government has indicated its likely consent to such action.

6