18-169
*United States v. Crum*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY
> *Circuit Judges*,

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 18-169

RAYMOND L. CRUM,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | EDWARD S. ZAS, Federal Defenders of New York, Inc., New York, N.Y. |
| For Appellee: | TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, United States Attorney for the Western District of New York, Buffalo, N.Y. |

1

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

Raymond L. Crum appeals from a January 16, 2018, judgment of the Western District of New York (Vilardo, *J.*) sentencing him to a 120-month prison term on one count of knowing possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and two 240-month prison terms on two counts of knowing receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), all to run concurrently. Familiarity with the record is otherwise presumed. On appeal, Crum argues that the district court, by partially basing his sentence on his need for rehabilitation, violated the Sentencing Reform Act, 18 U.S.C. § 3582(a), as interpreted by *Tapia v. United States*, 564 U.S. 319 (2011). The Government responds that we may not entertain this claim because Crum waived his right to appeal as part of his plea agreement. We assume without deciding that Crum's appeal waiver is unenforceable and conclude that the district court did not commit plain *Tapia* error in fashioning its sentence. Accordingly, we affirm.

Crum did not raise his objection below, so we review for plain error only. *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016). "A showing of plain error requires that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court's proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

It is far from "clear or obvious" that the district court erred under *Tapia*. That case construed 18 U.S.C. § 3582(a) to "preclude[] federal courts from imposing or lengthening a prison

2

term in order to promote a criminal defendant's rehabilitation." *Tapia*, 564 U.S. at 321. There, the district court impermissibly "calculated the length of Tapia's sentence to ensure that she receive certain rehabilitative services." *Id.* at 334–35. To be sure, here, the district court stated at sentencing that "the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide a fair punishment, the need for general deterrence and to protect the public from your crimes, *and* the very serious need that you have for medical and psychiatric treatment that will take a considerable amount of time . . . *all* led me to impose the maximum sentence that I could impose on each count." App'x at 215 (emphases added). But moments earlier, the court suggested that its consideration of Crum's poor health primarily informed its recommendation that he be placed at a Federal Medical Center, not the length of his sentence. *See id.* at 214–15 ("I am recommending that you be placed in a federal facility that has medical treatment available to you, also psychiatric treatment available to you. . . . I think that getting you into some sort of treatment program as quickly as we can is going to benefit you and is going to benefit everyone."). Its later reference to his need for treatment should be read with this context in mind. Indeed, these statements appear to have been a direct response to Crum's sentencing memorandum, in which he repeatedly raised his health problems and asked that the court consider them in making a placement recommendation. *See id.* at 164–65; *see also id.* at 173–74, 204. In any event, "a court may make a recommendation concerning the type of prison facility appropriate for the defendant; and in this calculus, the presence of a rehabilitation program may make one facility more appropriate than another." *Tapia*, 564 U.S. at 334 (internal quotation marks omitted).

Under similar circumstances, district courts did not commit *Tapia* error by mentioning a defendant's rehabilitative needs in sentencing colloquies. In *United States v. Gilliard*, 671 F.3d

255 (2d Cir. 2012), the district court remarked at sentencing that "it's important . . . that you be sentenced in such a way that you are able to address [your substance abuse] problems," and "that's something, obviously, I take very, very seriously, and will, in fashioning my sentence." *Id.* at 257 (internal quotation marks omitted). However, "the record [did] not suggest that the *length* of Gilliard's sentence was based on the district court's consideration of his rehabilitative needs." *Id.* at 259 (emphasis in original). Instead, discussion of the defendant's rehabilitative needs were "in the context of recommending to the BOP appropriate treatment programs he should receive while in custody[.]" *Id.* Likewise, in *United States v. Lifshitz*, 714 F.3d 146 (2d Cir. 2013), the district court stated that in determining a sentence, it "[took] . . . into account" factors including ensuring "that Mr. Lifshitz continues to get the type of medical care he is obviously in need of." *Id.* at 148. We held this was not *Tapia* error because the court's "primary considerations in sentencing . . . were promoting respect for the law and protecting the public from further crimes of this defendant." *Id.* at 150 (internal quotation marks omitted). In light of the similarity between the facts of this case and those in *Gilliard* and *Lifshitz*, whether the district court erred is, at least, subject to "reasonable dispute." *Stevenson*, 834 F.3d at 83. On plain error review, that is enough to foreclose relief. We have considered Crum's remaining arguments and find them to be without merit. Accordingly, we affirm.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4