22-2476-cr
United States v. Jade Stauffer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-three.

PRESENT:

> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

United States of America,

        *Appellee,*

    v.                                                                 22-2476

Jade Stauffer,

        *Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:                    MELISSA A. TUOHEY,
                                            Assistant Federal Public
                                            Defender, Office of the
                                            Federal Public Defender,
                                            Syracuse, NY

**FOR APPELLEE:** RAJIT SINGH DOSANJH, Assistant United States Attorney (Paul D. Silver, Adrian Larochelle, *on the brief*) *for Carla B. Freedman*, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Jade Stauffer ("Stauffer") appeals from a judgment of the United States District Court for the Northern District of New York, entered on September 26, 2022, revoking her probation and sentencing her within the sentencing guidelines range to a 3-month term of imprisonment and a 12-month term of supervised release after she admitted to committing probation violations. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

Stauffer was originally sentenced in the Middle District of Pennsylvania to two years of probation after pleading guilty to a one-count indictment, which charged her with misappropriation of postal funds while serving as a postal support employee, in violation of 18 U.S.C. § 1711. After pleading guilty to the indictment, Stauffer was sentenced to 2 years' probation with mandatory conditions, standard conditions, and additional terms of probation. Restitution in the amount of

2

$4,626.01 was ordered. Stauffer's additional probation terms required her to pay restitution in monthly installments of $100. Jurisdiction was transferred to the Northern District of New York, and Stauffer was directed to report to the United States Probation Office in Binghamton, New York ("Probation"), located in the Northern District of New York, for probation supervision.

While on probation, Stauffer admitted to the following violations: failure to pay restitution; leaving the district without permission; failure to notify Probation of change of residence and employment; failure to pay financial penalty and restitution; and failure to notify Probation of contact with law enforcement.

## STANDARD OF REVIEW

In general, we review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *See United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012) ("[O]ur standard is 'reasonableness,' 'a particularly deferential form of abuse-of-discretion review.'" (citation omitted)). A sentence is substantively unreasonable "only if it cannot be located within the range of permissible decisions." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks and citation omitted). "Generally, we will only find substantive unreasonableness if the sentence is shockingly high, shockingly low, or otherwise unsupportable as a matter of law . . ." *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (internal quotation marks and citation omitted).

## DISCUSSION

We reject Stauffer's contention that the district court's imposition of a 12-month term of supervised release to follow Stauffer's 3-month term of imprisonment was substantively

3

unreasonable. Stauffer's 12-month term of supervised release is "located within the range of permissible decisions." *See Bonilla*, 618 F.3d at 108 (citation omitted). Stauffer admitted to several violations while on probation including failure to notify her probation officer of contact with law enforcement when she was interviewed by a police officer after being involved in a car accident that resulted in a motorcyclist's death. Moreover, the record shows that the district court explicitly weighed the § 3553(a) factors and considered Stauffer's violations and mitigating factors in imposing its sentence, including her mental health, financial condition, employment, and housing circumstances.

While Stauffer contends that further supervision by the same probation officer is substantively unreasonable, the district court appropriately addressed Stauffer's concerns regarding the probation officer and instructed counsel to report any future issues. Under these circumstances, we cannot find that the district court abused its discretion in imposing Stauffer's 12-month term of supervised release is substantively reasonable. *See United States v. Lifshitz*, 714 F.3d 146, 150 (2d Cir. 2013) (holding that, "[w]hile not unsympathetic to the difficulties that may be posed by [defendant's] mental illness" defendant's 24 months' imprisonment and 12-month term of supervised released were substantively reasonable in light of defendant's "patterns of noncompliance with the conditions imposed for his original sentence of supervised release"). In sum, Stauffer has given us no reason to find that the district court imposed a sentence outside the range of permissible decisions.

*       *       *

We have considered all of Stauffer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court