20-4156-cr
United States v. Williams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th of May, two thousand twenty-two.

PRESENT:  Amalya L. Kearse,
　　　　　　Robert D. Sack,
　　　　　　Steven J. Menashi,
　　　　　　　　*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.　　　　　　　　　　　　　　　　　　　　　　No. 20-4156

JARRELL WILLIAMS, also known as Sealed Defendant #2, also known as Rugga, also known as Rel, also known as Ruggarel,

　　*Defendant-Appellant*.*

_____

*For Appellee*:　　　　　　　THOMAS R. SUTCLIFFE, Assistant

---

\* The Clerk of Court is directed to amend the caption as set forth above.

United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

*For Defendant-Appellant*: JARRELL WILLIAMS, pro se, Ray Brook, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** and the motion for summary reversal is **DENIED**.

Defendant-Appellant Jarrell Williams, proceeding pro se, appeals an order of the U.S. District Court for the Northern District of New York denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He also moves in this court for a sentence reduction, which we construe as a motion for summary reversal. Before the district court, Williams argued that he could establish extraordinary and compelling reasons for relief because his former trial and appellate attorney, H. Dana VanHee, had provided ineffective assistance of counsel because he "harbored … white nationalist views." App'x 145. Williams maintains that VanHee gave Williams incorrect advice, ended communication

2

during his direct appeal, and failed to argue that Williams was a juvenile at the time he committed the offenses underlying his conviction for conspiracy to engage in a pattern of racketeering activity. Williams also asserted that his 420-month sentence was unusually long for the young age at which he committed the relevant offenses; that he was at high-risk for COVID-19; and that he had been rehabilitated while incarcerated. The district court denied the motion, holding that Williams could not establish extraordinary and compelling reasons for relief and that the § 18 U.S.C. 3553(a) factors weighed against compassionate releaseWe assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (quoting *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008)). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the

3

expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008).

Section 3582(c)(1)(A) provides that the district court "may reduce" a defendant's term of imprisonment if, "after considering the [applicable] factors set forth in [S]ection 3553(a)," it finds, *inter alia*, that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). However, the § 3553(a) sentencing factors serve as an independent ground for denying compassionate release. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (noting that a "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release.") (internal quotation marks omitted). The factors include "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; to deter criminal conduct; and to protect the public from further crimes, among others. 18 U.S.C. § 3553(a)(1)-(2). A court should also consider "the sentencing range established" under the guidelines. *Id.* § 3553(a)(4).

The district court did not abuse its discretion in determining that the § 3553(a) factors weigh against granting compassionate release. We need not, and

therefore do not, opine on the merits of Williams's arguments regarding extraordinary and compelling circumstances. *See United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) ("[W]hen a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.")

The district court held that Williams was not entitled to a sentence reduction under the § 3553(a) factors because of the seriousness of his offenses and because the danger to the community outweighed any rehabilitative attempts, given the severity of his offenses which included murder, distributing drugs, and participating in a gang. The district court also noted that Williams had more than twenty years remaining on his sentence, which meant that Williams had not yet served even half of his sentence. *See United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021) (explaining that when looking at the 3353(a) factors courts "often" "assess[] the proportion of a defendant's stated sentence yet to be served"). These were appropriate considerations, and the weight afforded any "3553(a) factor is a

5

matter firmly committed to the discretion of the sentencing judge." *Keitt*, 21 F.4th at 72 (quoting *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008)).

At sentencing, the district court declined to give Williams a lower sentence than the guidelines because he did not "deserve it in any way, shape or form." App'x 71-72. The district court then went above the minimum because of "aggravating factors" such as Williams's "egregious conduct driving around in the community and randomly picking out a person to shoot." *Id.* at 75. However, the district court also stated that while it "could give" Williams a "life" sentence it would not do so "in light of the arguments that [Williams is] giving," including the argument that Williams is a "very young man." *Id.* at 70-71. Given these considerations, denying Williams's motion was "within the range of permissible decisions" for the district court. *Borden*, 564 F.3d at 104.

Williams argues that the district court erroneously found that the sentence imposed was necessary to provide him with "additional opportunities for education and training," contending that *Tapia v. United States*, 564 U.S. 319 (2011), bars that analysis. *Tapia* held that when a court imposes a term of imprisonment under § 3582(a), it "should consider the specified rationales of punishment except for rehabilitation, which it should acknowledge as an unsuitable justification for a

6

prison term." *Id.* at 327 (emphasis omitted). Even if we assume *Tapia* applies, however, that decision made clear that "[a] court commits no error by *discussing* the opportunities for rehabilitation within prison," so long as it does not "impose or lengthen a prison sentence" on that basis. *Id.* at 334–35 (emphasis added). A district court does not err by mentioning rehabilitation at sentencing if the record demonstrates that the "primary considerations … were promoting respect for the law and protecting the public from further crimes of th[e] defendant." *United States v. Lifshitz*, 714 F.3d 146, 150 (2d Cir. 2013) (internal quotation marks omitted). Such is the case here, where the order denying compassionate release first discussed whether Williams was a threat to public safety, the seriousness of his offenses, and the length of his initial sentence before referring to the necessity of "additional opportunities for education and training." App'x 268. And its statement that Williams "[wa]s encouraged to continue his positive efforts at rehabilitation while in custody" is permissible under *Tapia*, which allows for the discussion of rehabilitation opportunities. *Id.* Indeed, we have previously commended an incarcerated defendant for his rehabilitation attempts even while affirming the denial of his motion for compassionate release. *United States v. Cummings*, No. 20-3156, 2021 WL 4142844, at *2 (2d Cir. Sept. 13, 2021) ("While we commend [the

defendant] for his efforts at self-improvement while incarcerated, we conclude that the District Court did not abuse its discretion when it considered these points and still found that the Section 3553(a) factors weighed against release.")

Williams separately moves in this court for compassionate release. We construe it as a motion for summary reversal and deny it as moot.

We have considered all of Williams's remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** the motion for summary reversal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8