*United States v. Dort*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-three.

PRESENT:

ROSEMARY S. POOLER,
RICHARD J. SULLIVAN,
BETH ROBINSON,
  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

  *Appellee*,

  v.                                                                          No. 22-1094

PATRICK DORT,

  *Defendant-Appellant*.

_____

For Defendant-Appellant:                    Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

For Appellee:                    Rajit S. Dosanjh, Thomas R. Sutcliffe, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Patrick Dort appeals from the district court's judgment imposing a thirty-month term of supervised release in connection with his sentencing following violations of a previously imposed term of supervised release. On appeal, Dort argues that his term of supervised release is procedurally and substantively

2

unreasonable.[1]   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review sentences for violations of supervised release "under the same standard as for sentencing generally:   whether the sentence imposed is reasonable."   *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks omitted).   In so doing, "we review a sentence for a violation of supervised release for both procedural and substantive reasonableness."   *United States v. Ramos*, 979 F.3d 994, 998 (2d Cir. 2020).   Because Dort did not raise his procedural-reasonableness challenge in the district court, we review that challenge for plain error.   *Id.*   To demonstrate plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant]'s substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."   *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (internal

---

[1] The district court also sentenced Dort to a ten-month term of imprisonment, which Dort has now completed.   Dort does not challenge this term of imprisonment on appeal, and instead focuses only on the term of supervised release imposed.

3

quotation marks omitted). [2]    We review Dort's substantive-reasonableness challenge for abuse of discretion.    *See United States v. Thavaraja*, 740 F.3d 253, 258–59 & n.4 (2d Cir. 2014); *see also United States v. Verkhoglyad*, 516 F.3d 122, 134–36 (2d Cir. 2008).    We will set aside a district court's sentence as substantively unreasonable "only in exceptional cases where its decision cannot be located within the range of permissible decisions."    *United States v. Aumais*, 656 F.3d 147, 151 (2d Cir. 2011) (internal quotation marks and alteration omitted).    In other words, a substantively unreasonable sentence is one "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice."    *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d. Cir. 2012) (internal quotation marks omitted).

Applying those standards here, we conclude that the thirty-month term of supervised release imposed by the district court was neither procedurally nor substantively unreasonable.

---

[2] As Dort notes, there are circumstances in the sentencing context that "permit us to relax the otherwise rigorous standards of plain error review to correct sentencing errors."    *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002); *see also United States v. Haverkamp*, 958 F.3d 145, 149 (2d Cir. 2020).    However, we need not decide which species of plain error review applies here since the result would be the same under either one.

4

## I.    Procedural Reasonableness

Dort argues that the district court plainly erred when it imposed a thirty-month term of supervised release without adequately explaining its justifications for the sentence imposed.   Specifically, Dort argues that, in light of the district court's representations that it would not sentence Dort for conduct that had been addressed through previous modifications of his supervised release and conduct that occurred during a January 3, 2022 psychotic episode, the district court failed to sufficiently explain why it declined to impose Dort's requested sentence of three months' supervised release.

At sentencing, a district court must "state in open court the reasons for its imposition of the particular sentence."   18 U.S.C. § 3553(c); *see also United States v. Lewis*, 424 F.3d 239, 244–45 (2d Cir. 2005).   We have advised that "the length and detail required of a district court's explanation varies according to the circumstances," and when "the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal."   *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012).   An explanation is sufficient when it informs "the defendant

5

and public of the reasons for the particular sentence" and permits our review "for reasonableness." *Verkhoglyad*, 516 F.3d at 133 (internal quotation marks omitted).

Here, we cannot conclude that the district court committed plain error when it imposed a thirty-month term of supervised release. As noted by the district court, and contrary to Dort's contention, the revocation petition included violations for conduct that had not been addressed previously and that was unrelated to the January 3, 2022 incident. *See* App'x at 53 (explaining that the district court would confine its opinion to "the current breaches"). Indeed, Dort's own sentencing submission before the district court recognized that Dort had been previously punished only for a certain subset of violations in the petition. And, notably, these newly admitted violations alone would have resulted in the same recommended guidelines range that the court applied, with the same recommended term of supervised release to follow.

Furthermore, when considered in context, the district court's statements can fairly be read to indicate that it did not intend to sentence Dort to a term of *imprisonment* based on the conduct that the court indicated it would not consider. *See id.* (noting that the court would not give Dort "any time" for the facts underlying those breaches). As such, we can identify no inconsistency between

6

the district court's statement of its intentions and the term of supervised release imposed that would call into question the sufficiency of the district court's explanation. Nor can we conclude that any such error affected Dort's substantial rights or otherwise constituted plain error.

To the contrary, the record reflects that the district court adequately explained why a thirty-month term of supervised release was necessary in this case. The court specifically noted that the sentence imposed was intended to "protect the public" from Dort's future acts in light of his "past conduct." *Id.* at 53–54; *see also* 18 U.S.C. § 3583(c); *id.* § 3553(a)(2)(C). Although brief, this justification was sufficient to adequately explain the term of supervised release imposed. *See United States v. Pugh*, 945 F.3d 9, 25 (2d Cir. 2019) (explaining that "in the absence of record evidence suggesting otherwise, [we presume] that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors" and that a district court "is not obligated" to discuss each factor before imposing sentence (internal quotation marks omitted)). Dort has therefore failed to demonstrate that the district court committed a plain procedural error in

imposing his term of supervised release.

## II.    Substantive Reasonableness

As to the substantive reasonableness of his sentence, Dort identifies several considerations that he claims demonstrate that his thirty-month term of supervised release "cannot be located within the range of permissible decisions." Dort Br. at 32.  Dort specifically points to his history of mental health disorders, trauma he suffered during childhood, and certain personal achievements – including returning to college, managing his tattooing and piercing business, limiting his substance abuse, and seeking help when his mental health began to deteriorate.  Dort argues that he has already faced consequences for much of the conduct alleged in the petition, his breaches of trust "were not grave," and the violations at issue "stemmed from his multiple debilitating mental health disorders." *Id.* at 31.  He also reiterates his position that, because the district court agreed to disregard certain conduct that had been addressed through prior modification orders and conduct that related to the January 3, 2022 incident, the term of supervised release was "illogical" and "unsupportable as a matter of law" because the petition was entirely comprised of this conduct.  *Id.* at 32.

We disagree. *First*, as explained above with regard to Dort's procedural challenge, the petition included violations for previously unaddressed conduct that was also unrelated to the January 3, 2022 incident. As such, Dort's contention that the term of supervised release was "illogical" and "unsupportable" is plainly incorrect.

*Second*, Dort's repeated violations manifested a serious breach of the court's trust. Importantly, Dort received a below-Guidelines sentence for the underlying offense, which included the five-year term of supervision at issue in the revocation petition. Despite this favorable sentence, Dort committed numerous – and serious – violations of his supervised release, including new criminal conduct related to a physical altercation with his girlfriend. *See Ramos*, 979 F.3d at 1003 ("[T]he breach of trust reflected in a violation is exacerbated if the defendant received a lenient original sentence." (internal quotation marks and alterations omitted)). Moreover, the fact that Dort had been sanctioned previously for violations of supervised release and nonetheless continued to violate further exacerbates the breach of the court's trust.

*Third*, Dort's criminal history and documented dangerous conduct demonstrates that a significant period of supervised release was necessary to

9

adequately protect the public from further crimes of the defendant. As the government noted at the revocation hearing, Dort has a considerable criminal history that involves the failure to register as a sex offender and numerous prior convictions, including for first-degree sexual abuse. *See* App'x at 43. Moreover, because several conditions of Dort's supervised release – such as attending mental health treatment sessions – were designed to protect the public and mitigate the risks associated with his mental illness, *see id.* at 42–43, the fact that Dort violated these conditions by missing several mental health appointments supported the imposition of an extensive term of supervised release here. The court was therefore justified in fashioning a term of supervised release designed to "protect the public" from Dort's future acts in light of his "past conduct." *Id.* at 53–54.

In short, given Dort's repeated breaches of the court's trust, the severity of the violations, and the need to protect the public from further crimes of the defendant, we reject Dort's contention that his thirty-month term of supervised release "cannot be located within the range of permissible decisions." *United States v. Lifshitz*, 714 F.3d 146, 150 (2d Cir. 2013) (internal quotation marks omitted); *see id.* (holding that the sentence was substantively reasonable in light of defendant's "patterns of noncompliance with the conditions . . . of supervised

release," despite challenges posed by defendant's mental illness).   We therefore conclude that the district court's sentence was substantively reasonable.

We have considered all of Dort's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11