22-745-cr
*United States v. Dantzler*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-three.

Present:

> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                      22-745-cr

RUFUS DANTZLER, AKA WARREN DANTZLER, AKA JEFFREY DANTZLER,

*Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | MATTHEW J. C. HELLMAN (Micah F. Fergenson, Frank J. Balsamello, & Stephen J. Ritchin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | MICHAEL K. BACHRACH, Law Office of Michael K. Bachrach, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Rufus Dantzler appeals from a judgment in a criminal case entered on April 6, 2022, in the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*). On March 30, 2022, the district court found Dantzler guilty of three violations of supervised release relating to his possession of a loaded gun and flight from the police. The court sentenced Dantzler to two years in prison to run consecutively to state sentences Dantzler had received for convictions relating to this and other conduct. Dantzler now appeals, challenging the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the case.

\* \* \*

Dantzler first argues that the district court committed procedural error by improperly considering an extraneous factor—the proliferation of firearms during the Covid-19 pandemic—when sentencing him. We are not persuaded. "Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks omitted). Reasonableness is reviewed "under a deferential abuse-of-discretion standard." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018) (internal quotation marks omitted). A sentence is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation

marks omitted). Where, as here, a defendant does not object at sentencing to a district court's alleged mistake, the Court reviews for plain error. *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).

We see no error, let alone plain error, in the sentencing transcript. As the district court explained, Dantzler's sentence was justified by his breach of the court's trust and the seriousness of his conduct. *See United States v. Edwards*, 834 F.3d 180, 194 (2d Cir. 2016) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." (quoting U.S.S.G. ch. 7, pt. A., introductory cmt. 3(b))). The court referred to the rise in violence during the pandemic not as an independent reason for an above-Guidelines sentence but, rather, as a stark reminder of the danger Dantzler's conduct posed to the community. Indeed, the court was entirely justified in considering community conditions in sentencing Dantzler because those conditions threatened to make any such repeated conduct—carrying a loaded, illegal gun—even more dangerous to the public in 2022 than it was in 2017, when the violation occurred.

There is also no merit to Dantzler's challenge to the substantive reasonableness of his sentence. "A sentence is substantively unreasonable when it cannot be located within the range of permissible decisions, because it is shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Osuba*, 67 F.4th 56, 68 (2d Cir. 2023) (internal quotation marks omitted). The district court explained its primary reasons for imposing the sentence: (1) Dantzler's breach of the court's trust in violating the conditions of his supervised release and (2) the danger to the community posed by his conduct. Dantzler's two-year sentence fell squarely within the range this Court has upheld for similar conduct. *See, e.g.*, *United States v. Lifshitz*, 714 F.3d 146, 150 (2d Cir. 2013) (above-Guidelines 24-month sentence reasonable after successive

3

violations of supervised release)  Nor was it unreasonable for the district court to make Dantzler's sentence consecutive to his state sentences.  The Sentencing Guidelines recommend that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving."  U.S.S.G. § 7B1.3(f).  That is because a sentence for violation of supervised release is "not intended to be a sanction for [the defendant's] conduct, but rather for the breach of trust committed against the District Court."  *United States v. Sweeney*, 90 F.3d 55, 57 (2d Cir. 1996) (internal quotation marks omitted).

We have considered Dantzler's remaining arguments and find them unpersuasive.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court