23-6049-cr
*United States v. Barbee*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

   v.          23-6049-cr

SURURI BARBEE,

    *Defendant-Appellant*.

---

FOR APPELLEE:        Rebecca T. Dell, Assistant United States Attorney (Nathan Rehn, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:   Sarah M. Sacks, Epstein Sacks PLLC, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on November 16, 2022, is **AFFIRMED**.

Defendant-Appellant Sururi Barbee appeals from the district court's judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment, with no additional supervised release. Barbee initially pled guilty, in 2012, to one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of conspiring to distribute heroin, cocaine, and oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c) and 846. He was then sentenced principally to a total term of ninety-three months' imprisonment with three years of supervised release, and his supervision commenced upon his release from prison on June 26, 2019.

In September 2022, Barbee admitted to Specification Two of the Amended Violation Report, which alleged that on July 10, 2020, while still on supervised release, he participated in an armed robbery of a cellphone store in Manhattan, in violation of New York Penal Law § 160.15 (04). On appeal, Barbee raises procedural and substantive challenges to his twenty-four-month sentence. We review a sentence for a violation of supervised release "under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks and citation omitted). In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

2

## I. Procedural Reasonableness

Barbee argues that the district court committed procedural error by relying on "unproven facts" in imposing his sentence. Appellant's Br. at 9. We disagree.

A district court commits procedural error where, *inter alia*, it "rests its sentence on a clearly erroneous finding of fact." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (citation omitted). Where, as here, the defendant did not raise an objection at the time of sentencing, we review the procedural challenges for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). To show plain error, a defendant must establish "that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks, alteration, and citation omitted).

Here, we conclude that the district court did not commit any procedural error, let alone plain error, in imposing the sentence. The district court correctly calculated the advisory range, pursuant to the policy statements in the United States Sentencing Guidelines (the "Guidelines"), to be twenty-four to thirty months' imprisonment. Moreover, the district court explicitly referenced the applicable sentencing factors, under 18 U.S.C. §§ 3553(a) and 3583(c), in explaining its reasons for imposing the twenty-four-month sentence. In particular, the district court emphasized that the Guidelines sentence was warranted because of "the nature of both the underlying offense conduct and the conduct here," as well as "deterrence, protection of the public, and the severity of the breach of the [c]ourt's trust." App'x at 140.

3

Barbee contends that the district court relied upon unproven facts regarding the robbery arrest that was the basis for Barbee's supervised release violation, which the district court noted was "egregious" and "devastating for the two employees" who were the victims of the robbery at the store, and who "were just trying to do their jobs" and "were traumatized as a result." *Id.* at 139. Barbee's argument is unpersuasive. Although the state robbery charges were ultimately dismissed, Barbee admitted in federal court to committing the robbery alleged in Specification Two and, in doing so, stated to the district court that he "carr[ied] what appeared to be a firearm" during the robbery and "did forcibly remove property from another person." *Id.* at 111. Thus, from Barbee's allocution alone, it was reasonable for the district court to infer that the employees were traumatized by Barbee's armed robbery of the store. *See United States v. Velez*, 357 F.3d 239, 243 (2d Cir. 2004) (emphasizing that the district court "may properly draw all reasonable inferences from the relevant circumstances" in sentencing determinations). The district court's inference was further buttressed by the government's proffer of the circumstances surrounding the armed robbery based upon the government's review of the surveillance footage, to which Barbee did not object at sentencing. *See, e.g.*, *United States v. Agron*, 921 F.2d 25, 26 (2d Cir. 1990) (per curiam) (holding that no evidentiary showing was required at sentencing with respect to the nature and effects of a stun gun where the defendant did not contest the government's factual assertion on that issue during the sentencing). Specifically, at sentencing, the government proffered that Barbee, while masked, entered the store, forced an employee to the back of the store where a second employee was present, demanded that the employees give him the cellphones stored in the

4

safe while threatening to shoot them, and then ran out of the store with the cellphones.[1]  In short, on this record, the district court committed no procedural error in concluding that Barbee's admitted participation in the armed robbery "traumatized" the victims and that his "conduct [was] egregious in any setting but particularly so on supervised release."[2]  App'x at 139.

Barbee's other procedural challenge, that the district court erred in concluding that Barbee had "sort of rebuffed" substance abuse treatment, is similarly unavailing.  *Id.* at 140.  At the request of the district court at sentencing, the probation officer provided a detailed overview of Barbee's inconsistent attendance at his substance abuse programs, as well as his failure at various times to meaningfully engage in the treatment when he attended.  The probation officer further reported that, although Barbee's attendance and engagement had improved, he continued to "have concerns" about Barbee's substance abuse due, in part, to Barbee twice submitting diluted urine for testing and separately testing positive for marijuana, all between June and October 2022.  *Id.* at 124.  In particular, with respect to Barbee's positive tests, the probation officer stated that, on

---

[1]  The Amended Violation Report contained details concerning the circumstances surrounding the robbery that were similar to the government's description at sentencing.  No objection was made to the information contained in that report either.

[2]  Barbee's reliance on *United States v. Aldeen*, 792 F.3d 247 (2d Cir. 2015), *as amended* (July 22, 2015), to support his position is misplaced.  In *Aldeen*, the district court, in determining the sentence for a revocation of supervised release, considered (1) one alleged violation for which the charge was dismissed and the district court's subsequent judgment stated that the defendant had *not* violated the relevant underlying condition and (2) details of another violation, for which the defendant did plead guilty, that the probation officer provided "without even identifying the source of the information."  *Id.* at 254.  Here, in contrast, Barbee admitted to the armed robbery that the district court considered in arriving at its sentence and the government's source of the information regarding the details of the robbery was identified— namely, surveillance footage—and was not contested by Barbee.  Moreover, because *Aldeen* involved an above-Guidelines sentence, which "was a major deviation from the Guidelines range," the district court there "was obliged to provide a more substantial justification for its sentence."  *Id.*  In contrast, here, the district court sentenced Barbee within the Guidelines range.

one evening at the 5:00 p.m. reporting cutoff time, Barbee had tested positive "and was still intoxicated from the night before." *Id.* Barbee did not challenge the probation officer's recitation of his inconsistent commitment to treatment. Indeed, at sentencing, Barbee's counsel acknowledged that Barbee had "significant issues with alcoholism" and either "can't stop" or "hasn't figured out how to stop." *Id.* at 129. When the district court asked whether the treatment was working given that Barbee was "continuing to drink," defense counsel noted that he had made "first steps" and "doesn't have as many absences as before." *Id.* at 133. When Barbee spoke, he admitted that he had "a drinking problem," has been on an "up-and-down roller coaster," and is "not quite yet stable." *Id.* at 136. On this record, there was a more-than-sufficient factual basis for the district court to find, with respect Barbee's treatment efforts, that "multiple opportunities [were] given, and they weren't taken, or they weren't taken to their full degree," and that his "continued substance abuse" was a "cause [for] concern." *Id.* at 140.

In sum, Barbee's procedural challenges to the sentence are without merit.

## II.     Substantive Reasonableness

Barbee also argues that his sentence was substantively unreasonable because "a sentence of 24 months of additional prison time was excessive and longer than necessary to satisfy the purposes of sentencing." Appellant's Br. at 13. We discern no abuse of discretion in the district court's determination.

This Court's review for substantive unreasonableness is "particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (citation omitted). Under this deferential standard, "we do not consider what weight we would ourselves have given a particular factor" at sentencing; "[r]ather, we consider whether the factor, as explained by the district court, can bear

6

the weight assigned it under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191 (citation omitted). A sentence is therefore substantively unreasonable only if "affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). Although a within-Guidelines sentence is "not presumptively reasonable," we have observed that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) (internal quotation marks and citation omitted).

Here, the Section 3553(a) factors upon which the district court relied "can bear the weight assigned [them] under the totality of circumstances in the case," *Cavera*, 550 F.3d at 191, and the twenty-four-month sentence for breaching the trust of supervised release by participating in an armed robbery was not "shockingly high . . . or otherwise unsupportable as a matter of law," *Park*, 758 F.3d at 200 (internal quotation marks and citation omitted). The record demonstrates that the district court weighed the applicable sentencing factors and reached a sentence, at the low end of the advisory Guidelines range, that was well "within the range of permissible decisions" under the circumstances. *United States v. Lifshitz*, 714 F.3d 146, 149 (2d Cir. 2013) (per curiam) (quoting *Cavera*, 550 F.3d at 189). Barbee contends that the district court abused its discretion because it gave insufficient weight to his mitigating circumstances, including his substance abuse problems, and to the fact that the sentence would "ke[ep] him out of the treatment he needed to deal with his

7

substance abuse problems for longer than necessary."[3] Appellant's Br. at 17. However, given the overall reasonableness of the twenty-four-month sentence, Barbee's disagreement with the district court's weighing of certain Section 3553(a) factors does not demonstrate an abuse of discretion. *See United States v. Davis*, 82 F.4th 190, 203 (2d Cir. 2023) ("[T]he weight to be afforded any sentencing factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, so long as the sentence ultimately imposed is reasonable." (internal quotation marks and citation omitted)). Therefore, we conclude that the sentence was not substantively unreasonable.

*     *     *

We have considered Barbee's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] To the extent Barbee specifically argues that the district court should have given more weight to his role as a caregiver for his disabled mother, no facts or arguments were presented to the district court on that issue at his sentencing on the supervised release violation. Indeed, Barbee subsequently filed a motion, pursuant to 28 U.S.C. § 2255, in which he argued that his counsel at sentencing was ineffective for failing to raise that issue. In denying the motion, the district court noted, *inter alia*, that "it would not have imposed a different sentence had it known of his mother's medical history and needs." App'x at 244.